UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INVACARE CORPORATION, | ) | Case No.: 1:04 CV 1580 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| RESPIRONICS, INC., | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

On October 23, 2006, the court granted partial summary judgment in favor of Defendant Respironics, Inc. ("Defendant" or "Respironics").[1] (Order, ECF No. 80.) Now pending before the court are Plaintiff Invacare Corporation's ("Plaintiff"or "Invacare") Motion for Reconsideration (ECF No. 82) and the parties' Joint Motion for Scheduling a Status Conference (ECF No. 103). Specifically, Plaintiff seeks reconsideration of the court's grant of summary judgment for Defendant on Plaintiff's monopolization, attempted monopolization, and price discrimination claims. For the reasons stated below, Plaintiff's Motion for Reconsideration (ECF No. 82) is denied and the parties' request for a status conference (ECF No. 103) is denied as moot.

---

[1] The pertinent facts are fully detailed in the court's Order dated October 23, 2006. (Order, ECF No. 80.)

## I. RECONSIDERATION STANDARD

The court notes that it has the authority to reconsider its Order. Motions to reconsider may be treated as motions to alter/amend judgment under 59(e) of the Federal Rules of Civil Procedure. *Huff v. Metro. Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982). Rule 59(e) motions may be granted if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *E.g.*, *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Although it has authority to do so, a court will only reconsider its prior ruling in rare and unusual circumstances:

> Although 'motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal,' they are 'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.' *In re August,* 1993 Regular Grand Jury, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994). To be sure, 'a court can always take a second look at a prior decision; but 'it need not and should not do so in the vast majority of instances,' especially where such motions 'merely restyle or re-hash the initial issues.' *Id.* at 1407. It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.' *Id.* at 1408. Where, as is the case with much of the instant motion, 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.' *Dana Corp. v. United States,* 764 F. Supp. 482, 489 (N.D. Ohio 1991).

*McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996). Motions to reconsider are "not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for an appeal." *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003).

### III. LAW AND ANALYSIS

In its Motion for Reconsideration, Plaintiff argues only that the court has made a clear error in its current holding – not that any controlling law has changed, or that any new evidence has been discovered, or that the holding creates a manifest injustice.

As stated in the court's previous Order, claims of monopolization, attempted monopolization, and price discrimination "each require some proof of anticompetitive conduct within a relevant market." (Order, ECF No. 80, at 7.) In the instant case, the court defined the relevant product market as all masks sold to both sleep labs and DMEs in the United States, despite Plaintiff's attempt to narrow the relevant mask market to masks sold to sleep labs. (*Id.* at 8-13.) Next, the court analyzed the two types of anticompetitive conduct that Plaintiff alleged in its Complaint: predatory pricing and product bundling. In its Motion, Plaintiff seeks reconsideration in regard to predatory pricing only. (Pl.'s Mot. for Recons. at 1, n.1.)

There are two requirements for a predatory pricing claim: (1) "that the prices complained of are below an appropriate measure of its rival's costs;" and (2) "a demonstration that the competitor has a reasonable prospect, or . . . a dangerous probability, of recouping its investment in below-cost prices." *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 222, 224 (1993). In its previous Order, the court found that Plaintiff's claims failed to satisfy the first element, so the court did not reach the second element. (Order, ECF No. 80, at 18); *see United States v. AMR Corp.*, 335 F.3d 1109, 1121 (10th Cir. 2003).

It is undisputed that Plaintiff's monopolization, attempted monopolization, and price discrimination claims are based on Defendant's "below-cost sales to sleep labs." (Pl.'s Mot. for Recons. at 8; Pl.'s Opp'n to Def.'s Mot. for Summ. J. 21, ECF No. 63.) Plaintiff argued at the summary

-3-

judgment stage, and continues to argue on reconsideration, that it need only prove that certain isolated prices ("the prices complained of"), rather than Defendant's overall costs in the relevant market, are below cost. The court disagrees, finding that Plaintiff has submitted no authority that has employed this interpretation and, further, that Plaintiff's reading would abrogate the well-settled importance of defining a relevant market.

The court finds that Plaintiff's position ignores the well-settled principle that defining a relevant market is a prerequisite to succeeding on a monopolization, attempted monopolization, or price discrimination claim. *E.g.*, *Spectrum Sports v. McQuillan*, 506 U.S. 447, 455 (1993) ("[T]he plaintiff charging attempted monopolization must prove a dangerous probability of actual monopolization, which has generally required a definition of the relevant market and examination of market power."); *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 177 (1965) ("Without a definition of [the] market there is no way to measure [the defendant's] ability to lessen or destroy competition."); *Brown Shoe Co. v. United States*, 370 U.S. 294, 324 & n.41(1962) (citing *United States v. E.I. Du Pont de Nemours & Co.*, 353 U.S. 586, 593 (1957)). If the anticompetitive conduct need not relate to the relevant market, then there would arguably be no need to determine a relevant market. Thus, Plaintiff's position flies in the face of settled antitrust law principles.

Plaintiff relies on the precise phrasing "prices complained of" in *Brooke Group* and "different purchasers" in the Robinson-Patman Act, as well as similar language in other case and statutory law, to support its argument that a predatory pricing claim can be based on an injury that occurred in an area less than the relevant market. However, none of the authority that Plaintiff cites employs an analysis favorable to Plaintiff. First, although *Brooke Group* used the "prices complained of" phrase, it also

characterized the "essence" of a predatory price claim or price discrimination claim[2] as where "[a] business rival has priced its products in an unfair manner with an object to eliminate or retard competition and thereby gain and exercise control over prices *in the relevant market*." *Brooke Group*, 509 U.S. at 222 (emphasis added). The Sixth Circuit has stated, in a case admittedly prior to *Brooke Group*, that "to demonstrate predatory pricing [plaintiff] would have to show that the Defendants' *overall* charges . . . are priced below cost." *Directory Sales Mgmt. Corp. v. Ohio Bell Tel. Co.*, 833 F.2d 606, 614 (6th Cir. 1987) (emphasis added). The Sixth Circuit recently affirmed this position by stating:

> We adopt the principle of *Brooke Group* that where reasonable economic proof justifies a relevant market, the appropriate measure of costs for a predatory pricing claim is for the particular good or service *in that market* . . . .
> Other Circuits have determined the appropriate measure of cost for predatory pricing claims to be the average variable cost of the product or service *in the relevant market*.

*Spirit Airlines, Inc. v. Northwest Airlines, Inc.*, 431 F.3d 917, 946 (6th Cir. 2005) (emphasis added) (rejecting idea of including *all* products or services that the defendant provides). As such, the principle that a predatory pricing claim requires analysis of the pricing in the entire relevant market appears quite clear.

Furthermore, the cases cited by Plaintiff for the contrary position are distinguishable. Some were decided on other grounds, without analyzing the price discrimination test, thereby rendering the quoted language dicta. *E.g.*, *Mathias v. Daily News, L.P.*, 152 F. Supp. 2d 465 (S.D.N.Y. 2001) (dismissing primary-line price discrimination claim because plaintiff failed to plead the required elements); *Bailey*

---

[2] As the court noted in its Order dated October 23, 2006, the Supreme Court has held that a price discrimination claim under the Clayton Act should be treated the same as a predatory pricing claim under the Sherman Act. *Brooke Group*, 509 U.S. at 221-22; (Order, ECF No. 80, at 14 n.3.)

*v. Allgas, Inc.*, 148 F. Supp. 2d 1222 (D. Ala. 2000) (granting summary judgment for defendants because plaintiffs failed to establish the relevant geographic market). In fact, even *Brooke Group* was decided on the second element of the predatory price test, recoupment, and did not discuss the first element at issue here. Other cases involved secondary-line price discrimination claims, in which a seller's *customer* alleges that the seller is discriminating among purchasers, unlike the instant case, in which the seller's *competitor* alleges discrimination. *E.g.*, *Hoover Color Corp. v. Bayer Corp.*, 199 F.3d 160 (4th Cir. 1999); *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 520 (6th Cir. 2004).

The court also notes that, as support for its opposition to the reconsideration motion, Defendant submitted supplemental authority in the form of a recent Supreme Court case, *Weyerhaeuser Co. v. Ross-Simons Hardwood Lumber Co.*, 127 S. Ct. 1069 (2007). (*See* Def.'s Mot. for Leave to File Not. of Supplemental Authority, ECF No. 92.) However, as the issue before the *Weyerhaeuser* Court was "whether the standard governing predatory pricing claims also governs predatory bidding claims," and as the Court's discussion centered on "relevant input markets" and "relevant output markets," which are not present here, the court finds that *Weyerhaeuser* does not clearly and unequivocally address the issue before the court in the instant case.

Therefore, the court finds that Plaintiff has failed to show clear error on the part of the court with regard to its prior decision granting summary judgment for Defendant on Plaintiff's monopolization, attempted monopolization, and price discrimination claims. As such, the court hereby denies Plaintiff's Motion for Reconsideration (ECF No. 82).

## IV. REQUEST FOR STATUS CONFERENCE

On June 14, 2007, the parties jointly requested a status conference to receive guidance on whether to stay discovery on any remaining issues and to schedule pre-trial dates. (ECF No. 103.) As

the court has now denied Plaintiff's Motion for Reconsideration, only Plaintiff's claims under Section 1 of the Sherman Act and Ohio's Valentine Act remain. (*See* Order, ECF No. 80, at 29; Order, ECF No. 90.) As indicated in their request for a status conference, the parties have completed discovery on these issues. (ECF No. 103, ¶ 1.) Consequently, no more discovery shall be conducted.

In light of the within ruling regarding reconsideration, the parties' request for a status conference is denied as moot.

### V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration (ECF No. 82) is hereby denied and the parties' Joint Motion for Scheduling a Status Conference (ECF No. 103) is denied as moot. The court further notes that Defendant's Motion for Summary Judgment (ECF No. 94) remains under consideration.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 18, 2007